John D. Bennett, S.
The executrix of the within estate mailed a renunciation of her legacy to this court on April 8, 1971. The renunciation is dated November 10, 1970 and the decedent’s will was probated on May 15, 1968. The question presented is whether the court should direct or request that the fiduciary take additional steps in making her renunciation.
Unlike a renunciation of an intestate share (EPTL 4-1.3), there is no statutory provision relating to the procedure to renounce a testamentary legacy. The Temporary State Commission on Estates gave serious study to the question of whether the procedure for the renunciation of a testate share should be the same as that for an intestate share and, at the time, it was decided only to outline the procedure to renounce an intestate share (Third Report of Temporary State Comm, on Law of Estates, N. Y. Legis. Doc., 1964, No. 19, Report No. 1.6B, p. 237). It is more difficult to outline a procedure for the renunciation of a testate share because, unlike intestacy where a party immediately has an estimate of the value of his share and can thereby determine if it would be better for him to renounce or not, a testamentary share is more complicated and may involve powers and future interests. It was because of these complications and the fact that there was case law on the question of the procedure to be undertaken in renouncing a testate share that the commission was motivated not to make statutory provisions for the renouncing of a legacy.
During the past few years, there have been bills filed with the Legislature, proposing certain procedure for the renunciation of a legacy. Until this question is resolved, the court deems it advisable to give some guidance to the members of the Bar as to what steps would be advisable in renouncing a testamentary legacy. This court will accept for filing any renunciation of a legacy but it is to the legatee’s benefit that he take additional steps to make the renunciation more effective.
It is suggested that, when a renunciation of a legacy is sought, the instrument should be in writing, served upon the court, the fiduciary and all the interested parties who would be affected as a result of the renunciation. In addition, an affidavit should be submitted, especially where a long period of time has elapsed from the date the will was probated to the date of the renunciation, setting forth the facts and circumstances which would justify the legatee’s right to renounce the legacy and indicate *218 whether there were any actions on the part of the legatee which might manifest the acceptance of the legacy. The affidavit should set forth the reason for the long delay in making the renunciation and whether the renunciation will affect any of the legatee’s creditors’ rights (see Matter of Wilson, 298 N. Y. 398 ; 4B Warren’s Heaton, Surrogates’ Courts [6th ed.], § 406, par. 10).
Accordingly, the renunciation will be accepted for filing and the fiduciary should give consideration to complying with the above suggestions.